■ In the Matter of the Arbitration between GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellant, and STEVEN AVERY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered March 26, 1981 in Madison County, which dismissed petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award. The issue determinative of this appeal is the meaning of the word "occupant" as that word is used in the context of subdivision 1 of section 672 of the Insurance Law. On April 19, 1979, respondent was on the shoulder of Route 31 in the Town of Lenox, Madison County, in possession of a motorcycle when he was struck and injured by an automobile owned and operated by petitioner's insured. At the moment of impact the posture of respondent as found by the master arbitrator "was with his motorcycle on the

shoulder of Route 31 * * * the lights and motor of the machine were turned off. His left leg was on the ground, his right knee on the seat, his right hand on the right handle bar with his left arm and hand extending down to check his drive chain". Petitioner, concluding that respondent was an occupant of the motorcycle at the time of the accident, denied his application for no-fault benefits (Insurance Law, § 672, subd 1, par [a]). The issue was submitted to compulsory arbitration and the arbitrator, affirmed by a master arbitrator, found that respondent was not an occupant of the cycle and, accordingly, entitled to benefits. Petitioner commenced this proceeding to vacate the award on the ground that the master arbitrator exceeded his powers. Special Term confirmed the award and dismissed the petition and this appeal by petitioner ensued. Since arbitration under the no-fault law is compulsory, the scope of review of the master arbitrator's award is whether it was arbitrary and capricious, irrational or without a plausible basis (*Matter of Petrofsky* [*Allstate Ins. Co.*], 54 NY2d 207). Here, Special Term approved the master arbitrator's reliance upon *Colon v Aetna Cas. & Sur. Co.* (48 NY2d 570) where, in the context of an action for declaratory judgment, the Court of Appeals concluded that the Legislature made a conscious choice to give the word "occupant" a narrow meaning so as to cause it to function as a term of exclusion (*id.* p 575). As thus employed within the context of section 672 (subd 1, par [a]) of the Insurance Law, the statutory language works as an expansion of coverage in keeping with the intent of the no-fault insurance program and only excludes those whose posture on a motorcycle at the moment of accident is such that it can only be defined by the restricted, dictionary meaning of the word "occupant" (cf. *Fleming v Allstate Ins. Co.,* 102 Misc 2d 994). Accordingly, we conclude that the master arbitrator's award of no-fault benefits rests upon a rational basis and was properly confirmed by Special Term. Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.