■ GERALDINE SMITH, Respondent-Appellant, v CHUBB AND SON, INC., Appellant-Respondent.—Order and judgment unanimously modified on the law and as modified, affirmed without costs, in accordance with the following memorandum: In this proceeding to review the decision of a no-fault Master Arbitrator, respondent insurer appeals from an order of Supreme Court which granted the petition to vacate the Master Arbitrator's decision and reinstated the "expedited arbitration

award" rendered in favor of petitioner. Petitioner sought arbitration of her claim to recover the expenses of her hospitalization and treatment for psychic injuries suffered as a result of her having witnessed the death of her husband when he was run over by a truck owned and operated by respondent's insured. An arbitrator granted her first-party benefits covering the cost of her hospitalization and treatment, but the Master Arbitrator vacated the "expedited arbitration award" on the ground that it was "incorrect as a matter of law" in concluding that a "zone of danger" claimant (see, Bovsun v Sanperi, 61 NY2d 219) is entitled to first-party benefits. Petitioner commenced this proceeding pursuant to CPLR article 75 to vacate the Master Arbitrator's decision on the grounds, inter alia, that he exceeded his powers and that his decision was irrational. Supreme Court vacated the Master Arbitrator's decision and reinstated the "expedited arbitration award". That was error.

Insurance Law § 5106 (c) and 11 NYCRR 65.17 (a) (4) authorize the Master Arbitrator to vacate the initial arbitration award where it is "incorrect as a matter of law" (Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 231-232). Since the Master Arbitrator based his determination to vacate the award on his conclusion that it was erroneous as a matter of law, and since the issue of a "zone of danger" claimant's entitlement to no-fault benefits is clearly a legal issue, it cannot be said that the Master Arbitrator exceeded his powers in vacating the award (Matter of Smith [Firemen's Ins. Co.], supra). On the other hand, the court generally lacks power to review determinations of law by the Master Arbitrator (see, Insurance Law § 5106 [c]; CPLR 7511 [b] [1]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 210-211). Therefore, the court exceeded the permissible scope of judicial review in vacating the Master Arbitrator's award and reinstating the initial award.

Although case law establishes that an arbitration award may be vacated by the court where it is irrational or against public policy (see, Matter of Petrofsky [Allstate Ins. Co.], supra; Matter of General Acc. Fire & Life Assur. Corp. [Avery], 88 AD2d 739, 740), we do not conclude that the Master Arbitrator's determination was irrational or contrary to public policy. The no-fault statute authorizes payment of "first-party benefits" only to "reimburse a person for basic economic loss on account of personal injury" (Insurance Law § 5102 [b]). It was not irrational for the Master Arbitrator to conclude that, in order to be entitled to no-fault benefits, the claimant must

have personally suffered a bodily injury as a result of the use or operation of an insured motor vehicle, i.e., a "contact" injury. The Master Arbitrator's determination is buttressed by the fact that the no-fault scheme (L 1973, ch 13) predates the relatively recent recognition in this State of a "zone of danger" claimant's right to recover for psychic injuries *(see, Bovsun v Sanperi, supra).*

In view of our disposition, petitioner's cross appeal for additional attorney's fees is necessarily defeated, since a claimant must show that she possessed a valid overdue claim before she may recover fees for legal services performed to secure payment of that claim (Insurance Law § 5106 [a]; *see, Ingber v Statewide Ins. Co.,* 97 AD2d 397, 398; *Matter of Government Employees Ins. Co. v Sparrow,* 66 AD2d 782). (Appeals from order and judgment of Supreme Court, Erie County, McGowan, J.—arbitration.) Present—Doerr, J. P., Denman, Boomer, Green and Lawton, JJ.