■ EVELYN VAGO, Appellant, v COUNTRY WIDE INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate a master arbitrator's award, the petitioner

appeals from an order of the Supreme Court, Richmond County (Amann, J.), entered March 19, 1987, which dismissed the proceeding.

Ordered that the order is reversed, with costs, and the application is granted to the extent that the master arbitrator's award is vacated and the matter is remitted to the regular arbitrator for computation of the setoff due to Country Wide Insurance Company for the claimant's receipt of New York State disability benefits as well as for a determination of attorneys' fees due to the petitioner.

The petitioner Evelyn Vago sustained personal injuries in a motor vehicle accident in October 1983. Following a hearing before a no-fault regular arbitrator, she was awarded $9,000 in lost earnings for the period February 2, 1984 through November 8, 1984. Payments were made to the petitioner until March 27, 1985, but her subsequent claim for first-party benefits for the period March 28, 1985 through August 27, 1986 was denied by Country Wide Insurance Company (hereinafter Country Wide).

A second no-fault hearing held before another regular arbitrator resulted in a further award of $17,000 in lost earnings for the period in question, as well as attorneys' fees. The arbitrator based his finding of continuing disability on the testimony of the petitioner, which he found to be substantiated by a number of medical reports, the two most recent of which merely alleged that the disability caused by the accident had continued to the present, and that the petitioner was still unable to work. The arbitrator further noted that since Country Wide had never made a formal written request for the petitioner to apply for Social Security benefits, it was not entitled to any setoff.

Country Wide's appeal of this last adverse decision to a master arbitrator resulted in a vacatur of the regular arbitrator's award on December 5, 1986. The master arbitrator found that the medical reports presented were too "conclusory" and were "grossly inadequate" to support the petitioner's claim of continuing disability. He also opined that the regular arbitrator should have taken into consideration the Social Security benefits that the petitioner could have received had she applied for them.

The petitioner's application pursuant to CPLR 7511 to vacate the master arbitrator's award was denied on the ground that the master arbitrator had not exceeded his authority in vacating the award of the regular arbitrator, since

the latter award was "arbitrary and capricious" and "incorrect as a matter of law". We disagree.

CPLR 7511 (b) (1) (iii) allows a court to vacate an arbitrator's award, and, by judicial construction, a master arbitrator's award, where, *inter alia,*

"the court finds the rights of that party were prejudiced by * * *

"an arbitrator, or agency or person making the award [who] exceeded his power" (CPLR 7511 [b] [1] [iii]).

Insurance Law § 5106 sets forth the basis upon which a master arbitrator may vacate the award of an arbitrator, stipulating that while the master arbitrator is not limited to those grounds for review set forth in CPLR article 75, he is bound by the procedures promulgated by the Superintendent of Insurance. Among the grounds set forth by the Superintendent of Insurance in 11 NYCRR 65.17 are: "any ground for vacating or modifying an award enumerated in article 75 of the Civil Practice Law and Rules" (11 NYCRR 65.17 [a] [1]); and that the award was "incorrect as a matter of law (procedural or factual errors committed in the arbitration below are not encompassed within this ground)" (11 NYCRR 65.17 [a] [4]).

For the purpose of reviewing an arbitrator's award, CPLR article 75 has been held to include the standard of "whether the award is supported by evidence or other basis in reason" *(Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508). This standard has been interpreted as the equivalent of the "arbitrary and capricious" standard of article 78 review *(Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 211). In addition, CPLR article 75 review questions whether the decision was rational or had a plausible basis *(Matter of Petrofsky [Allstate Ins. Co.], supra,* at 211). The role of the master arbitrator, therefore, is to review whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis *(Matter of Petrofsky, supra).*

In the instant case, the petitioner testified at a hearing as to her continuing disability, and submitted several doctors' reports from 1984 through June 1986 corroborating her account. The regular arbitrator's finding was therefore "supported by evidence or other basis in reason" *(Mount St. Mary's Hosp. v Catherwood, supra,* at 508), was neither arbitrary nor capricious, and was plausibly grounded upon the evidence. The master arbitrator's "differing view" regarding the weight to be accorded the claimant's physicians' most recent medical re-

ports confirming her continuing disability "is an insufficient basis for vacating an arbitrator's award" *(Matter of Mott [State Farm Ins. Co.],* 55 NY2d 224, 232).

Moreover, Country Wide is not entitled to a Social Security disability benefit offset in view of the fact that it has failed to comply with the procedures established in 11 NYCRR 65.15 (p) (4), which require the insurer to forward N-F-8 forms to the petitioner, and only in the event that the petitioner fails to execute the agreement may an insurer deduct his or her estimated Social Security benefits from its award. In any event, this issue is moot, since the petitioner's application for Social Security benefits was denied.

However, since the petitioner concedes that she has collected New York State disability benefits and since, pursuant to 11 NYCRR 65.15 (p), such benefits should be set off against the instant award, the matter is remitted to the original arbitrator for computation of this offset, as well as for calculation of attorneys' fees pursuant to 11 NYCRR 65.15 (h). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.