■ In the Matter of the Arbitration between ROBERTA FARRELL, Appellant, and ALLSTATE INSURANCE COMPANY, Respon-

dent. [648 NYS2d 835] —Mikoll, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered March 10, 1995 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

On July 11, 1990, petitioner was struck and injured by a motor vehicle insured by respondent while crossing Union Avenue in the City of Saratoga Springs, Saratoga County. She received no-fault insurance benefits until May 9, 1991, at which time respondent denied further benefits. In her claim for further benefits, the largest monetary items for which petitioner sought compensation were medical expenses related to treatment at Sunnyview Rehabilitation Center and chiropractic care subsequent to May 9, 1991. Petitioner challenged respondent's denial of her claim at an arbitration hearing. The arbitrator upheld respondent's denial of further benefits and his decision was affirmed by a master arbitration award rendered on August 31, 1994. Petitioner then commenced this proceeding seeking to vacate the master arbitration award. Supreme Court denied the petition and this appeal by petitioner ensued.

Initially, "[s]ince arbitration under the no-fault law is compulsory, the scope of review of the master arbitrator's award is whether it was arbitrary and capricious, irrational or without a plausible basis" (*Matter of General Acc. Fire & Life Assur. Corp. [Avery]*, 88 AD2d 739, 740; *see, Matter of Adams v Allstate Ins. Co.*, 210 AD2d 319, 321, *lv denied* 86 NY2d 707). Petitioner contends that the master arbitration award must be vacated because the arbitrator, *inter alia*, did not give due consideration to the evidence presented concerning petitioner's head injury and its resulting effect upon her loss of income and need for treatment at the Sunnyview Rehabilitation Center or to the evidence presented concerning the injuries to petitioner's back, arm, hand and knee. She further contends that the arbitrator engaged in misconduct in, *inter alia*, not allowing her to present documentary evidence and testimony concerning the manner in which the accident affected her cognitive functioning and personality.

Upon reviewing the record, we do not find the master arbitration award to be arbitrary, capricious or irrational. There is medical evidence in the record establishing that petitioner suffers from a pre-existing personality disorder unrelated to the accident which necessitated her treatment at the Sunnyview Rehabilitation Center. The record contains additional medical evidence indicating that petitioner's back, arm, hand and knee problems were no longer disabling in May 1991 and that petitioner had made significant progress and returned to work.

Likewise, we reject petitioner's assertion that the arbitrator engaged in misconduct. Petitioner testified at length concerning the manner in which the accident had affected her concentration and ability to play the violin, which was her primary vocation. It was not error for the arbitrator to refuse her the opportunity to present cumulative testimony or testimony from lay witnesses which called for medical expertise. We have considered petitioner's remaining contentions and find them to be unpersuasive.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.