■ In the Matter of the Arbitration between IRINA KOLES-NIK, Appellant, and STATE FARM MUTUAL AUTOMOBILE INSUR-ANCE COMPANY, Respondent. [697 NYS2d 778] —Graffeo, J. Appeal from an order of the Supreme Court (Coutant, J.), entered July 8, 1998 in Broome County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner commenced this proceeding to vacate an arbitration award which denied her no-fault medical and lost wages benefits for injuries she suffered in two automobile accidents in 1996. In the first accident, petitioner sustained a cervical strain and respondent paid petitioner's medical bills and lost wages. Approximately six months later, petitioner was involved in a second accident and after complaining of chest, abdominal and left shoulder pain, she was discharged from the hospital with a diagnosis of neck strain and contusions to her shoulder, chest wall and abdominal wall. A medical examination of petitioner, conducted on behalf of respondent, found that she suffered a soft tissue injury involving the cervical spine, caused by the first accident and exacerbated by the second. Determining that petitioner did not require further medical treatment and was close to maximum medical improvement, respondent's physician concluded that petitioner was capable of returning to her former employment as a teacher's assistant and dietary aide. On the basis of this medical report, respondent terminated petitioner's no-fault insurance benefits.

After securing a report from one of her treating physicians deeming her disabled and unable to work, petitioner filed for arbitration pursuant to Insurance Law § 5106. The arbitrator upheld respondent's termination of benefits for lost wages, finding no reason petitioner could not return to work. Respondent was directed, however, to pay petitioner's medical expenses associated with the continued treatment of her head, neck and shoulders. The arbitrator further determined that petitioner's abdominal complaints were unrelated to either accident. Upon appeal to a master arbitrator, the award was affirmed. Petitioner now appeals from Supreme Court's dismissal of the proceeding to vacate the arbitration award.

Our review of the master arbitrator's decision is limited to whether it was " 'arbitrary and capricious, irrational or without a plausible basis' " (*Matter of Farrell [Allstate Ins. Co.]*, 232 AD2d 934, 935, quoting *Matter of General Acc. Fire & Life Assur. Corp. [Avery]*, 88 AD2d 739, 740). Initially, we reject petitioner's contention that the arbitrator exceeded her jurisdiction by considering the issue of causation pertaining to her

abdominal pain. Clearly, the issue was whether petitioner was entitled to benefits based on injuries allegedly sustained in two automobile accidents. In making such a determination, it was necessary to assess not only the nature of the injuries but also whether her complaints were related to the accident.

It is apparent from the record that the arbitrator considered the medical evidence submitted by both parties at the hearing and that sufficient evidence was presented to support the award. Despite petitioner's contrary medical reports, the medical evidence submitted by respondent established that petitioner required no further medical treatment and no medical reason prevented her from returning to work. Although several of petitioner's physicians noted her complaints of abdominal pain, the record does not reveal that her doctors rendered any diagnosis regarding this aspect of her condition related to either accident. Therefore, as the arbitrator's decision to discontinue lost wages benefits was not arbitrary and capricious, Supreme Court's order shall not be disturbed (*see, Matter of Farrell [Allstate Ins. Co.], supra,* at 935).

Lastly, petitioner's assertion that this matter should be remitted for guidance as to which medical bills should be paid is without merit. The award unambiguously indicated that respondent is required to pay petitioner's medical bills, incurred in connection with her "head, neck, shoulder and spine", including, but not limited to, chiropractic treatments.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.