■ In the Matter of the Arbitration between JEFFREY B. GAUL, Appellant, and COMMERCIAL UNION INSURANCE COMPANY, Respondent. [701 NYS2d 743] —Per Curiam. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered September 28, 1998 in Schenectady County, which, *inter alia*, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, (2) from an order of said court, entered May 28, 1999 in Schenectady County, which, *inter alia*, denied petitioner's motion for renewal, (3) from an order of said court, entered July 30, 1999 in Schenectady County, which, upon renewal, adhered to its prior decision denying petitioner's application to vacate an arbitration award, and (4)

from an order of said court, entered August 25, 1999 in Schenectady County, which granted respondent's motion to vacate a judgment entered against it.

Petitioner's receipt of no-fault insurance benefits in relation to a February 1989 automobile accident in which petitioner sustained injuries to his neck and back gives rise to this litigation. Respondent, as petitioner's insurance carrier, provided benefits for chiropractic treatment, including massage therapy, for approximately 7½ years after the accident. Based on an independent medical examination conducted by an orthopedist in March 1996 which determined that the massage treatments were no longer necessary, respondent terminated petitioner's no-fault benefits in September 1996. Petitioner then demanded arbitration to challenge respondent's termination, resulting in a November 1997 arbitration award which required respondent to pay petitioner's outstanding medical bills for massage therapy from September 1996 through May 1997, but denied any further massage therapy benefits subsequent to May 1997 based on a finding that petitioner's condition had reached maximum medical improvement.* The award also granted petitioner interest with respect to the monetary award, along with a $40 filing fee.

Following affirmance by the master arbitrator, petitioner commenced this proceeding seeking to vacate the arbitration award. Supreme Court upheld the arbitration award but remitted to the arbitrator an issue pertaining to interest awarded. Petitioner then moved to renew the application to vacate the arbitration award based on new evidence. Supreme Court denied petitioner's motion to renew. Shortly afterwards, petitioner made another motion to renew which was granted by Supreme Court but, upon renewal, the court adhered to its original decision.

Petitioner primarily contends on these appeals that the arbitration award was irrational and, therefore, should have been vacated by Supreme Court. It is well settled that the determination of an arbitrator in a mandatory arbitration proceeding will be upheld absent a finding that it was arbitrary and capricious (*see, Matter of MVAIC v Aetna Cas. & Sur. Co.,*

---

* The arbitrator's award relied upon an independent medical examination undertaken by a chiropractor in May 1997 which determined that petitioner had received maximum medical improvement and that further treatment was unnecessary. As the earlier independent medical examination did not specifically state that petitioner had reached maximum medical improvement, the arbitrator required the carrier to reimburse petitioner for payments made to his chiropractor from the date of denial until the May 1997 examination.

89 NY2d 214, 223; *Matter of Kolesnik v State Farm Mut. Auto. Ins. Co.*, 266 AD2d 630). Here, the record reveals that the arbitrator considered medical reports submitted by both parties. Although the medical evidence submitted by petitioner recommended that he continue massage therapy, the arbitrator's reliance on a medical report generated in May 1997 by a chiropractor who examined petitioner at the behest of respondent prior to the arbitration hearing was not irrational. This medical provider stated that chiropractic treatment, including massage therapy, was no longer necessary and that petitioner had "reached maximum medical improvement". Based on the foregoing, the arbitrator's determination that respondent was no longer required to pay petitioner's no-fault benefits for massage therapy after May 1997 was not arbitrary or capricious.

Petitioner's suggestion that the award should be vacated because the arbitrator was partial and that she engaged in fraud and misconduct is conclusory and unsupported by the record. Because petitioner failed to establish that the arbitration award was tainted by misconduct on behalf of the arbitrator, Supreme Court's determination confirming the arbitration award was not erroneous (*see, Matter of Thompson [S.L.T. Ready-Mix]*, 245 AD2d 911, 913; *cf., Matter of Klikocki [New York Dept. of Corrections]*, 216 AD2d 808, 809).

Next, petitioner's claim that Supreme Court wrongly granted respondent's motion to vacate petitioner's judgment is without merit. During the pendency of the motions to renew, petitioner submitted two separate proposed judgments. Respondent moved to vacate the judgments claiming, among other things, that the amount and calculation of interest was incorrect. Supreme Court granted respondent's motion and determined the correct amount of the judgment. Because there is nothing in the record to indicate that the amount calculated by the court was incorrect, the fourth order petitioner appeals from shall not be disturbed.

Petitioner's remaining contentions, including the assertion that Supreme Court improperly denied petitioner's motions to renew, have been considered and found lacking in merit.

Mercure, J. P., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.