■ In the Matter of the Arbitration between JOHN STEINAUER, Appellant, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [707 NYS2d 706] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 3, 1999 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award.

As the result of a back injury sustained in a motor vehicle accident in June 1995, petitioner was out of work until the middle of August 1995 and received no-fault insurance benefits from respondent until September 1, 1995. On September 7, 1995, petitioner reinjured his back at his place of employment and again stopped working. Claiming that the subsequent back injury was causally related to the motor vehicle accident, petitioner sought additional no-fault benefits. Following respondent's denial of the claim, petitioner requested arbitration. Petitioner also filed a claim for workers' compensation benefits which was settled by the employer's payment of $2,500

---

3. At oral argument, plaintiff's counsel conceded that his client was never confined.

and the parties' stipulation that petitioner's disability was not work related. Concluding that petitioner's back injury had been rehabilitated prior to his return to work after the vehicular accident, an arbitrator denied petitioner's claim for no-fault benefits. The award was affirmed by a master arbitrator resulting in petitioner's commencement of this proceeding to vacate the award. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, inasmuch as arbitration under the no-fault insurance law is compulsory, the master arbitrator's award will not be vacated unless it is " 'arbitrary and capricious, irrational or without a plausible basis' " (*Matter of Farrell [Allstate Ins. Co.]*, 232 AD2d 934, 935, quoting *Matter of General Acc. Fire & Life Assur. Corp. [Avery]*, 88 AD2d 739, 740). We note that a number of the medical experts who examined petitioner opined that his disability was, in fact, causally related to the motor vehicle accident. Contrary to petitioner's claim, however, there was not unanimous medical opinion on this issue. Significantly, Frederic Schoen, a neurologist who examined petitioner on referral from Francis Belardi, a treating physician, stated in his December 18, 1995 report that petitioner suffered a "lumbar strain secondary to a work accident of September 7, 1995". Schoen did not attribute petitioner's disability to the prior motor vehicle accident. The arbitrator took specific note of Schoen's findings in concluding that the medical records established petitioner's complete rehabilitation from injuries sustained in the motor vehicle accident and that he had reached maximum medical improvement when he returned to work. In affirming the decision, the master arbitrator determined that it was supported by the evidence in the record. Although there is medical evidence supporting a contrary conclusion, inasmuch as the arbitrator was entitled to evaluate the various medical opinions, we cannot say that her decision was arbitrary or capricious (*see, Matter of Gaul [Commercial Union Ins. Co.]*, 268 AD2d 816, 818). Therefore, we decline to disturb Supreme Court's order.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.