■ Going 2 Extremes, Inc., et al., Appellants, v Hartford Financial Services Group, Inc., Defendant, and Trumbull Insurance Company, Respondent. [953 NYS2d 865]—

In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 21, 2011, which granted the motion of the defendant Trumbull Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant Trumbull Insurance Company (hereinafter Trumbull) for summary judgment dismissing the complaint insofar as asserted against it. Trumbull established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs failed to submit a sworn proof-of-loss statement within 60 days after receiving a demand to do so, accompanied by a blank proof-of-loss form (see Insurance Law § 3407 [a]; Anthony Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798, 800 [1987]; Meserole Factory, LLC v Arch Ins. Group, 88 AD3d 967, 967 [2011]; DeRenzis v Allstate Ins. Co., 256 AD2d 303, 304 [1998]).

Contrary to the plaintiffs' contention, they failed to raise a triable issue of fact as to whether they substantially complied with Trumbull's demand for a sworn proof-of-loss statement (see Maleh v New York Prop. Ins. Underwriting Assn., 64 NY2d 613, 614 [1984]; Darvick v General Acc. Ins. Co., 303 AD2d 540 [2003]; Agora Intl. v Royal Ins. Co., 234 AD2d 489 [1996]), or whether Trumbull waived the requirement to provide such a statement by repudiating liability (see generally Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 217-218 [1984]; cf. Matter of State Farm Ins. Co. v Domotor, 266 AD2d 219 [1999]; Beckley v Otsego County Farmers Coop. Fire Ins. Co., 3 AD2d 190 [1957]).

Accordingly, the Supreme Court properly granted Trumbull's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.