*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                520244
_____

In the Matter of the
    Arbitration between
    MERCURY CASUALTY COMPANY,
                    Appellant,
        and
                                            MEMORANDUM AND ORDER
PATIENT CARE ASSOCIATES, as
    Assignee of FERNANDO
    THENESTEVEZ,
                    Respondent.
_____


Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

        Law Offices of Jason Tenenbaum, Garden City (Eric Wahrburg
of counsel), for appellant.

        Eppinger, Reingold & Korder, Larchmont (Ronald M. Eppinger
of counsel), for respondent.

_____


Rose, J.

        Appeals (1) from an order and judgment of the Supreme Court
(O'Connor, J.), entered June 10, 2014 in Albany County, which
denied petitioner's application pursuant to CPLR 7511 to vacate
an arbitration award, and (2) from a judgment of said court,
entered December 31, 2014 in Albany County, which, among other
things, confirmed the award.

        Petitioner provided automobile liability insurance for
Fernando Thenestevez (hereinafter the insured), who was injured
in an automobile accident and applied for no-fault benefits by

submitting to petitioner the requisite application form listing his address as "521 W 189th St Apt 2d" (emphasis added). The insured obtained treatment for his injuries from respondent, who, in turn, sought payment from petitioner as the insured's assignee. Petitioner, through its agent, then mailed letters on three separate dates directing the insured to attend independent medical examinations (hereinafter IMEs). All of the letters were mailed to the insured, at "521 w 189th st apt 2" (emphasis added) and to his attorney. The insured failed to attend any of the scheduled IMEs, leading petitioner to deny respondent's claim.

Respondent then filed a demand for arbitration. The arbitrator found in respondent's favor, concluding that petitioner wrongfully denied the claim because it failed to demonstrate that it had properly notified the insured of the IMEs. Upon petitioner's appeal, a master arbitrator affirmed the arbitrator's award. Petitioner thereafter commenced this CPLR article 75 proceeding to vacate the award. Supreme Court denied petitioner's application, confirmed the award and entered judgment in favor of respondent. Petitioner appeals.

We cannot agree with petitioner's argument that it was entitled to a presumption that the IME notification letters were received by the insured. Our review of a master arbitrator's award in an arbitration proceeding to resolve a disputed no-fault insurance claim requires us to determine whether the award "was arbitrary and capricious, irrational or without a plausible basis" (Matter of Farrell [Allstate Ins. Co.], 232 AD2d 934, 935 [1996] [internal quotation marks and citation omitted]; accord Matter of Steinauer [New York Cent. Mut. Fire Ins. Co.], 272 AD2d 771, 772 [2000]; see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]). The presumption of receipt of a properly mailed item attaches only if the factfinder first determines that sufficient evidence exists to show that the mailing was proper (see e.g. Preferred Mut. Ins. Co. v Donnelly, 22 NY3d 1169, 1170 [2014]; Matter of Gallahue [Sweeney], 234 AD2d 881, 881 [1996]; Matter of Rea [Hartnett], 175 AD2d 441, 442 [1991]). Here, the arbitrator correctly declined to apply this presumption in light of her rational factual determination that petitioner's evidence was insufficient to show that the IME notices were properly addressed. Indeed, none of the evidence related to the mailing

correctly listed the insured's address.

Petitioner also argues that, regardless of the fact that the IME notices mailed to the insured were improperly addressed, the insured still had adequate notice because the letters were also sent to the insured's attorney. However, while petitioner points to a recent First Department decision that suggests, in dicta, that properly mailed IME notices to an insured's attorney would suffice to give proper notice to the insured person (see American Tr. Ins. Co. v Marte-Rosario, 111 AD3d 442, 442 [2013]), such a non-binding statement can hardly be considered to necessarily make an arbitrator's decision incorrect as a matter of law. Nor, in our view, do the circumstances of this case provide us with an appropriate occasion to depart from "the fundamental principle that an arbitration award will generally not be vacated because of a mistake of law and/or fact" (Matter of Pierre [General Acc. Ins.], 100 AD2d 705, 706 [1984], lv denied 63 NY2d 601 [1984]). Finally, we decline respondent's request for counsel fees and sanctions over and above the amount already awarded in the arbitration proceeding (see 22 NYCRR 130-1.1).

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the order and judgment entered June 10, 2014 and the judgment entered December 31, 2014 are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court