Matter of Bay Needle Care Acupuncture, P.C. v Country Wide Ins. Co. (2019 NY Slip Op 07061)





Matter of Bay Needle Care Acupuncture, P.C. v Country Wide Ins. Co.


2019 NY Slip Op 07061


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-06371
 (Index No. 2913/17)

[*1]In the Matter of Bay Needle Care Acupuncture, P.C., etc., appellant, 
v
Country Wide Insurance Company, respondent.


Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for appellant.
Jaffe & Velazquez, LLP, New York, NY (Jean H. Kang of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, the petitioner appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated March 1, 2018. The order denied the petition to vacate the award of a master arbitrator dated September 6, 2017.
ORDERED that the order is affirmed, with costs.
The petitioner commenced a no-fault arbitration proceeding seeking to recover from the respondent insurer for acupuncture treatments provided to the petitioner's assignor. After a no-fault arbitration hearing, an arbitrator determined that the respondent failed to establish its defenses, and awarded the petitioner the sum of $649.74, plus interest and an attorney's fee award, in effect, pursuant to 11 NYCRR 65-4.6(b). The petitioner appealed the arbitrator's award to a master arbitrator, contending that the attorney's fee award was incorrect as a matter of law. On September 6, 2017, the master arbitrator issued an award affirming the arbitrator's award.
By notice of petition dated October 30, 2017, the petitioner sought to vacate the master arbitrator's award pursuant to CPLR 7511. By order dated March 1, 2018, the Supreme Court denied the petition. The petitioner appeals.
The petitioner contends that the master arbitrator's award must be vacated because an attorney's fee should have been awarded pursuant to 11 NYCRR 65-4.6(c), rather than 11 NYCRR 65-4.6(b). The "role of the master arbitrator is to review the determination of the arbitrator to assure that the arbitrator reached his [or her] decision in a rational manner, [and] that the decision was not arbitrary and capricious, incorrect as a matter of law, in excess of the policy limits or in conflict with other designated no-fault arbitration proceedings" (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212 [citations omitted]). This power "does not include the power to review, de novo, the matter originally presented to the arbitrator" (Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725).
Since arbitration under the no-fault law is compulsory, the scope of review of the master arbitrator's award is whether it "was arbitrary and capricious, irrational or without a plausible [*2]basis" (Matter of Farrell [Allstate Ins. Co.], 232 AD2d 934, 935 [internal quotation marks omitted]; accord Matter of Steinauer [New York Cent. Mut. Fire Ins. Co.], 272 AD2d 771, 772; see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d at 211; Matter of Mercury Cas. Co. [Patient Care Assoc.], 134 AD3d 1204, 1205).
Here, the master arbitrator determined that the petitioner was not entitled to an attorney's fee award pursuant to 11 NYCRR 65-4.6(c) because, among other things, it failed to support its attorney's fee request with "documentation such as time sheets." Inasmuch as an attorney fee award under subdivision (c) of 11 NYCRR 65-4.6 is set at an hourly rate, and the petitioner's attorney submitted no time sheets or other documentation to establish how many hours he spent on the matter, the master arbitrator's affirmance of the attorney's fee award based upon 11 NYCRR 65-4.6(b) was not irrational, or arbitrary and capricious. On questions of substantive law, the determination of the master arbitrator must be upheld if, as here, there is a rational basis for the determination (see Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], 49 NY2d 757, 759; Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d 574, 577).
Accordingly, we agree with the Supreme Court's determination denying the petition.
The petitioner did not demonstrate its entitlement to an award of an attorney's fee for this appeal, as the master arbitrator did not make a finding that the subject claims were "overdue" (Insurance Law § 5106[a]; see Matter of Fast Care Med. Diagnostics, PLLC/PV v Government Empls. Ins. Co., 161 AD3d 1149, 1151).
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court