■ PREFERRED MORTGAGE BROKERS, INC., Respondent, v HERVIN BYFIELD et al., Appellants. [723 NYS2d 230] —In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered January 13, 2000, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated January 20, 2000, entered upon the order, which is in favor of the plaintiff and against them in the principal sum of $5,972.50.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the order dated January 13, 2000, is vacated, upon searching the record, summary judgment is granted to the defendants, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On November 3, 1997, the defendants retained the plaintiff mortgage broker to assist them in securing financing to purchase a house. The parties' contract required the defendants to pay the plaintiff a fee "directly upon [the] signed acceptance of a commitment." Although the plaintiff alleges that it earned

its fee by obtaining a mortgage loan commitment on the defendants' behalf, it is undisputed that the defendants never signed any document accepting the commitment, and did not close on the proposed loan. When the defendants refused to pay the plaintiff a fee, the plaintiff commenced this action seeking damages for breach of contract.

The defendants contend that the Supreme Court erred in granting the plaintiff's motion for summary judgment because their signed acceptance of a commitment was a condition precedent to their obligation to pay the plaintiff a broker's fee. We agree. A condition precedent is "an act or event * * * which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 86 NY2d 685, 690; Calamari and Perillo, Contracts § 11-2, at 438 [3d ed]). Express conditions precedent, which are those agreed to and imposed by the parties themselves, "must be literally performed" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., supra,* at 690). Since the record reveals that the defendants never accepted the loan commitment in writing, the express condition precedent contained in the contract was not satisfied, and the defendants were not obligated to pay a broker's fee (*see, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., supra; Bradenton Realty Corp. v United Artists Prop. I Corp.,* 264 AD2d 405; *Stanton v Power,* 254 AD2d 153). Therefore, the Supreme Court erred in granting summary judgment to the plaintiff.

Furthermore, although the defendants did not cross-move for summary judgment, this Court is authorized by CPLR 3212 (b) to search the record and grant summary judgment to a non-moving party (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Bartley v Accu-Glo Elec. Corp.,* 272 AD2d 352). Accordingly, summary judgment is granted to the defendants dismissing the complaint. Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.