■ JIM BALL CHRYSLER LLC, Respondent, v MARONG CHRYSLER-PLYMOUTH, INC., et al., Appellants, et al., Defendant. [794 NYS2d 545]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered April 2, 2004. The order, insofar as appealed from, denied the cross motion of defendants Marong Chrysler-Plymouth, Inc. and Russell F. Marong for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the complaint against defendants Marong Chrysler-Plymouth, Inc. and Russell F. Marong is dismissed.

Memorandum: In an action to recover damages for, inter alia, breach of contract and breach of warranty, Marong Chrysler-Plymouth, Inc. and Russell F. Marong (defendants) appeal from so much of an order as denied their cross motion for summary judgment dismissing the complaint against them. Defendants entered into an agreement with Jim Ball Chrysler LLC (plaintiff) wherein plaintiff would purchase the assets of Marong Chrysler-Plymouth, Inc. of which Russell Marong was the sole shareholder. The agreement required plaintiff, prior to the sale, to obtain approval of DaimlerChrysler Motors Company LLC (DCMC) to operate the franchise.

We agree with defendants that Supreme Court erred in denying their cross motion for summary judgment dismissing the complaint against them. As the proponents of the cross motion, defendants bore the initial burden of submitting sufficient evidence to establish their prima facie entitlement to judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). They met that burden by tendering evidence, including the terms of the agreement, establishing that perfor-

mance under the agreement was subject to the condition precedent that DCMC must approve plaintiff's application to operate the franchise. Because DCMC did not grant such approval, defendants' duty to perform under the contract never arose (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 112 [1984]; *Preferred Mtge. Brokers v Byfield*, 282 AD2d 589, 590 [2001]; *see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). Furthermore, defendants established that under the clear terms of the agreement, they did not make material misrepresentations nor breach any warranties. Plaintiff failed to submit evidentiary proof in admissible form to raise a triable issue of fact in opposition, and thus the cross motion should have been granted.

In light of our determination, we have not considered defendants' remaining contentions. Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.