■ JIM BALL CHRYSLER LLC, Respondent, v MARONG CHRYSLER-PLYMOUTH, INC., et al., Defendants, and WEST-HERR DODGE LLC, Appellant. [796 NYS2d 804]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered April 2, 2004. The order, insofar as appealed from, denied the cross motion of defendant West-Herr Dodge LLC for summary judgment dismissing the complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the complaint against defendant West-Herr Dodge LLC is dismissed.

Memorandum: We agree with defendant West-Herr Dodge LLC (West-Herr) that Supreme Court erred in denying its cross motion for summary judgment dismissing the complaint against it. As against West-Herr, plaintiff asserts a cause of action for tortious interference with contractual relations. We previously determined on the appeal of the two other defendants herein that the court erred in denying their cross motion for summary judgment dismissing the complaint against them (*Jim Ball Chrysler LLC v Marong Chrysler-Plymouth, Inc.*, 17 AD3d 1113 [2005]). We determined therein that those defendants met their burden by establishing that their performance under the contract at issue was subject to the condition precedent that DaimlerChrysler Motors Company LLC (DCMC) must approve plaintiff's application to operate the franchise and that, because DCMC never granted that approval, the duty of those defendants to perform under the contract never arose (*see id.*).

In order to prevail on a cause of action for tortious interference with contractual relations, a plaintiff must establish the existence of a valid contract between plaintiff and a third party, the defendant's intentional and unjustified procurement of the third party's breach of the contract, the actual breach of the contract and the resulting damages (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). As noted, we determined on the prior appeal that the contract never became enforceable because a condition precedent was not met. It is well settled that, "[w]here there has been no breach of an existing contract, but only interference with prospective contract rights, . . . [a] plaintiff must show more culpable conduct on the part of the defendant" (*NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621 [1996], citing *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 193-194 [1980]). There is no evidence in the record before us, nor has plaintiff even alleged, that West-Herr engaged in that heightened level of culpable conduct, and thus West-Herr's cross motion should have been granted. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.