OPINION OF THE COURT
Sondea K. Fardes, J.
On January 25, 2005, the parties entered into a stipulation of settlement which was “so ordered,” whereby this action was restored to the trial calendar, thus resolving that part of the defendant’s motion requesting that relief. This court now considers the defendant’s motion for summary judgment and for sanctions pursuant to 22 NYCRR 130-1.1 and the plaintiffs *1075 cross motion for an order granting summary judgment in its favor and dismissing the defendants’ counterclaims.
In its verified complaint, the plaintiff seeks to recover for work, labor, and services in connection with the refinancing of a mortgage on the defendants’ residence. The plaintiff seeks in damages defendants’ direct fee to the plaintiff and the total possible lender compensation, together with attorney’s fees and costs. The defendants counterclaimed to recover the costs of the application fee and the appraisal fee.
The plaintiff, a registered mortgage broker, and the defendants, homeowners, entered into a contract for brokers services to secure a refinance loan. It is uncontroverted that the defendants timely cancelled the loan transaction.
In support of their motion, the defendants maintain that pursuant to Regulation Z (12 CFR part 226 [“Truth in Lending (Regulation Z)”]), the $200 paid to the plaintiff as an application fee and the $400 appraisal fee should be returned to them. Additionally, the defendants believe that the plaintiff has acted frivolously and should be punished. Therefore, they seek $2,600 in sanctions and attorney’s fees.
The complaint alleges that the rescission was not undertaken in good faith but rather was the product of ill will and bad faith. It asserts that the defendants’ conduct was taken with malicious and/or reckless disregard for the rights of the plaintiff. Further, the plaintiff asserts that the contract provides that the application and appraisal fees paid were not refundable under any circumstances and that the brokerage fee at issue was earned upon acceptance of the lender’s written commitment. Therefore, it maintains the application and appraisal fees are not refundable and that the plaintiff is entitled to the brokerage fee, based on a percentage of the loan in question.
The plaintiff also contends that the federal regulations upon which the defendants rely apply to the bank and not to the mortgage broker. Plaintiff maintains that it is not a bank and therefore it is not a “creditor” under the statute. The defendants’ reply accurately points out that the plaintiffs cross motion for summary judgment is supported only by an attorney’s affirmation.
The test to be applied to a motion for summary judgment is whether there are genuine issues which would require resolution by a trier of fact (Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169 [1973]; Dyckman v Barrett, 187 AD2d 553 [2d Dept 1992]).
*1076 After reviewing all of the documents submitted in support and in opposition to the defendant’s motion for summary judgment, the court determines that Regulation Z is applicable to the transaction in question. 12 CFR 226.4 (a) (3) provides in pertinent part:
“Special rule; mortgage broker fees. Fees charged by a mortgage broker (including fees paid by the consumer directly to the broker or to the creditor for delivery to the broker) are finance charges even if the creditor does not require the consumer to use a mortgage broker and even if the creditor does not retain any portion of the charge.”
Under 12 CFR 226.23 (d) (1), when a consumer timely rescinds a transaction, “the consumer shall not be liable for any amount, including any finance charge.”
However, 12 CFR 226.4 (c) excludes the following from the definition of finance charges:
“(1) Application fees charged to all applicants for credit, whether or not credit is actually extended [and] . . .
“(7) . . . (iv) Property appraisal fees or fees for inspectors to assess the value or condition of the property if the service is performed prior to closing . . . .”
In addition, in this instant case the defendants signed a contract which unequivocally provided that the $200 application fee was not refundable and that the appraisal fee would be refunded “only” if the appraisal is not made. It is uncontroverted that the appraisal was performed prior to the issuance of the mortgage commitment.
Based on the above, this court finds that as a matter of law the defendants are not entitled to a return of their application fee and the appraisal fee.
With respect to the defendant’s application for sanctions, pursuant to 22 NYCRR 130-1.1, a court may in its discretion award sanctions for “frivolous conduct.” Based on the record before this court, the court declines to award sanctions.
The plaintiffs cross motion is denied based on the following. The plaintiff failed to make out a prima facie case as its moving papers were supported only by an attorney’s affirmation (see, CPLR 3212 [b]; Ramos v New York City Hous. Auth., 264 AD2d 568 [1st Dept 1999]). In addition, as indicated above, the plaintiff’s right to a broker’s fee was extinguished when the defendants exercised their right of rescission. Finally, pursuant *1077 to the parties’ agreement, the plaintiffs fee would have been earned upon “acceptance of the lender’s written commitment.” Therefore, the defendants’ acceptance of the commitment was a condition precedent to the defendant’s obligation to pay the fee (see, Preferred Mtge. Brokers v Byfield, 282 AD2d 589 [2d Dept 2001]). It is undisputed that the defendants did not accept commitment. They timely canceled the transaction pursuant to their right of rescission under 12 CFR 226.23.
Accordingly, based on the above, the defendants’ motion for summary judgment with respect to their counterclaim is denied and the defendants’ motion for summary judgment dismissing the complaint is granted.