Qoku v 42nd St. Dev. Project, Inc. (2020 NY Slip Op 05543)





Qoku v 42nd St. Dev. Project, Inc.


2020 NY Slip Op 05543


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-12060
 (Index No. 10348/09)

[*1]Lavdie Qoku, respondent, 
v
42nd Street Development Project, Inc., et al., defendants, ABM Janitorial Services-Northeast, Inc., appellant.


Gallo Vitucci Klar LLP, New York, NY (Jessica A. Clark and Kimberly A. Ricciardi of counsel), for appellant.
Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant ABM Janitorial Services-Northeast, Inc., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 12, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant ABM Janitorial Services-Northeast, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly sustained personal injuries on June 15, 2008, after slipping on a grease spill in a loading dock located at 270 West 43rd Street in New York. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant ABM Janitorial Services-Northeast, Inc. (hereinafter the defendant), which had an agreement with a nonparty to perform certain services at 243 West 42nd Street, a building that shared the loading dock with 270 West 43rd Street. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not owe the plaintiff a duty of care. The Supreme Court denied that branch of the defendant's motion, finding that the defendant had established its prima facie entitlement to judgment as a matter of law, but that the plaintiff had raised a triable issue of fact as to whether the defendant launched the instrument of harm. The defendant appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "However, the Court of Appeals has recognized three exceptions to the general rule: '(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (Bronstein v Benderson Dev. Co., LLC, 167 AD3d 837, 838, quoting Espinal v Melville Snow Contrs., 98 NY2d at 140). Here, we agree with the [*2]Supreme Court that the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not owe a duty of care to the plaintiff, who was not a party to the contract between the defendant and the nonparty (see Bronstein v Benderson Dev. Co., LLC, 167 AD3d at 838-839; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d 854).
However, contrary to the finding of the Supreme Court, we find that the plaintiff failed to raise a triable issue of fact as to whether the defendant launched an instrument of harm. The defendant presented evidence that it did not transport grease, oil, or food in the loading dock, and was not responsible for cleaning grease or spills in the area. The plaintiff testified that she did not know where the grease spot came from, she did not know who was supposed to clean the loading dock area, and that she never saw the defendant's employees mopping the loading dock. Accordingly, any contention that the defendant launched the instrument of harm was purely speculative and conclusory, and such speculation is insufficient to raise a triable issue of fact (see Bono v Halben's Tire City, Inc., 84 AD3d 1137, 1139; Rodrigues v Village of Ossining, 76 AD3d 962; Murphy v New York City Tr. Auth., 73 AD3d 1143, 1144).
The defendant's remaining contentions are rendered academic in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court