South Nassau Med. Group, P.C. v 105 Rockaway Realty, LLC (2022 NY Slip Op 05051)

South Nassau Med. Group, P.C. v 105 Rockaway Realty, LLC

2022 NY Slip Op 05051

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-09963
 (Index No. 615625/18)

[*1]South Nassau Medical Group, P.C., et al., plaintiffs- respondents, 
v
105 Rockaway Realty, LLC, defendant third-party plaintiff-appellant; Mount Sinai Health System, Inc., third-party defendant-respondent.

Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, David M. Grill, and Henry Mascia of counsel), for defendant third-party plaintiff-appellant.
Abell Eskew Landau, LLP, New York, NY (Scott R. Landau and Kenneth M. Abell of counsel), for plaintiffs-respondents and third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs have no obligations under a particular lease and guaranty, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered July 25, 2019. The order granted the motion of the plaintiffs and the third-party defendant for summary judgment on the complaint and pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiffs have no obligations under the lease and guaranty.
South Nassau Medical Group, P.C., and South Nassau Communities Hospital (hereinafter together the plaintiffs) commenced this action, inter alia, for declaratory relief regarding a lease agreement between the defendant and South Nassau Medical Group, P.C., and a guaranty for that lease that South Nassau Communities Hospital had executed. The obligations owed by the plaintiffs under the lease were expressly conditioned upon the plaintiffs acquiring an ownership interest, on terms acceptable to the plaintiffs, in Rockaways ASC Development, LLC (hereinafter Rockaways ASC), a nonparty with which South Nassau Communities Hospital had previously executed a letter of intent. The plaintiffs alleged that, because they never acquired an ownership interest in Rockaways ASC, they had no continuing obligations to the defendant under the lease or the guaranty.
The defendant answered and commenced a third-party action against the third-party defendant, Mount Sinai Health System, Inc. The defendant alleged, inter alia, that the plaintiffs had breached the duty of good faith and fair dealing, and that the third-party defendant had tortiously interfered with the lease after entering into an affiliation agreement with the plaintiffs.
The plaintiffs and the third-party defendant moved, together, for summary judgment [*2]on the complaint and pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint. In an order entered July 25, 2019, the Supreme Court granted the motion. The defendant appeals, and we affirm.
The plaintiffs met their burden of establishing, prima facie, that the condition precedent to their obligations under the lease had not been met. "A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 337 n 2 [internal quotation marks omitted]). "Express conditions precedent, which are those agreed to and imposed by the parties themselves, 'must be literally performed'" (Preferred Mtge. Brokers v Byfield, 282 AD2d 589, 590, quoting Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690). Here, the plaintiffs presented evidence that they had not acquired an ownership interest in Rockaways ASC, which was undisputed by the defendant.
The proponent of a summary judgment motion must also demonstrate, prima facie, that the affirmative defenses raised by the opposing party are inapplicable (see Status Gen. Dev., Inc. v 501 Broadway Partners, LLC, 163 AD3d 740, 742). "Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 667 [internal quotation marks omitted]). "'The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct'" (id. at 667, quoting Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion" (Dalton v Educational Testing Serv., 87 NY2d 384, 389). "However, no obligation may be implied that would be inconsistent with other terms of the contractual relationship" (1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977).
Here, there is nothing in the record indicating that the letter of intent entered into by South Nassau Communities Hospital and Rockaways ASC, which is not part of the record on appeal, was a valid, enforceable contract. In any event, requiring the plaintiff to acquire an ownership interest in Rockaways ASC under the terms of the letter of intent to prove good faith and fair dealing would be inconsistent with the terms of the lease, which provided for the plaintiffs' discretion in this regard. Accordingly, the plaintiffs established, prima facie, that they were entitled to a judgment declaring that they had no obligations under the lease and the guaranty.
In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320), as any argument that the plaintiffs had arbitrarily or irrationally refused to obtain an equity interest in Rockaways ASC was purely speculative and conclusory (see Qoku v 42nd St. Dev. Project, Inc., 187 AD3d 808). Accordingly, the Supreme Court properly granted that branch of the motion which was for summary judgment on the complaint.
"A claim of tortious interference requires proof of (1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach, and (4) damages" (Foster v Churchill, 87 NY2d 744, 749-750). Here, as the defendant, in opposing that branch of the motion which was for summary judgment on the complaint, was unable to raise a triable issue of fact as to whether the lease was breached by the plaintiffs, the Supreme Court properly granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint (cf. Influx Capital, LLC v Pershin, 186 AD3d 1622).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiffs have no obligations under the lease and guaranty (see Lanza v Wagner, 11 NY2d 317).
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court