■ JOHN TREPTOW et al., Respondents, v EXCHANGE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered September 13, 1983 in Franklin County, which denied defendant Exchange Mutual Insurance Company's motion for summary judgment dismissing the complaint.

On March 30, 1980, plaintiffs' house and its contents were destroyed by fire. Plaintiffs notified a representative of defendant Exchange Mutual Insurance Company (hereafter defendant), the insurer of the property in question. On April 28, 1980,

defendant, by its assistant vice-president Richard Stephenson, sent plaintiffs a certified letter demanding that plaintiffs file sworn proofs of loss within 60 days, as required by the terms of their policy and by section 172 of the Insurance Law. Blank forms of proof of loss were enclosed with this letter. By their letter of May 8, 1980, plaintiffs acknowledged receipt of defendant's demand for proof of loss and stated that they were aware that the forms were to be filed within 60 days from their receipt of defendant's demand therefor. They also requested immediate partial payment of their claim. Defendant's representative advised plaintiffs by letter dated May 13, 1980, that no payment could be made until plaintiffs submitted their proof of loss forms as previously requested. By letter dated August 11, 1980, 105 days after the demand letter was sent, defendant informed plaintiffs that their claim was being rejected due to plaintiffs' failure to file their proof of loss.

On September 16, 1980, plaintiffs' completed proof of loss forms were finally mailed to defendant with a request that defendant accept them despite their untimeliness. Defendant declined. Plaintiffs then brought the instant action for payment on their claim. Defendant's subsequent motion for dismissal of the complaint, based on plaintiffs' failure to furnish written proof of loss in timely fashion, was denied by Special Term. This appeal ensued.

The issue raised on this appeal, i.e., whether failure to furnish written proof of loss in timely fashion after demand has been made is a bar to an action on an insurance claim, was recently determined by the Court of Appeals in *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.* (63 NY2d 201). There the court held that such a failure to file is an "*absolute defense* to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (*id.,* at p 210 [emphasis added]). Such a waiver or estopping conduct would, for instance, be engendered by the insurer's communication to the insured that it was repudiating liability on the policy (see, e.g., *Beckley v Otsego County Farmers Coop. Fire Ins. Co.,* 3 AD2d 190, 194, app dsmd 2 NY2d 990 [liability repudiated by defenses in insurer's answer to insured's complaint]; *Sherri v National Sur. Co.,* 243 NY 266, 273 [liability repudiated in letter from insurer to insured]).

In the instant matter, it is undisputed that plaintiffs failed to file the requisite proof of loss in timely fashion after demand therefor had been made. Since there is no evidence of a waiver or conduct on defendant's part which would excuse compliance with this demand, plaintiffs' suit on their claim was barred as a

matter of law. Accordingly, Special Term erred in not granting summary judgment dismissing the complaint against defendant.

Order reversed, on the law, without costs, and defendant Exchange Mutual Insurance Company's motion for summary judgment dismissing the complaint granted. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.