■ RAJCHANDRA CORPORATION, Respondent, v TITLE GUARANTY COMPANY et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Harlem, J.), entered September 12, 1989 in Chemung County, which denied defendants' motion for summary judgment dismissing the complaint, partially granted plaintiff's cross motion to strike certain of defendants' affirmative defenses and granted partial summary judgment in favor of plaintiff as to liability.

In December 1979, plaintiff acquired the Tom Sawyer Motor Inn located in the Town of Elmira, Chemung County, from Tom Sawyer Motors Inns, Inc. Defendants insured title to the property in the amount of $460,000. In February 1980, plaintiff became aware of noxious odors emanating from an adjacent sewage disposal plant owned and operated by Chemung County. Following frequent complaints, plaintiff was informed that the county claimed a right to subject the premises to such odors by virtue of an inverse condemnation judgment which had been awarded against the county in 1972 (see, Tom Sawyer Motor Inns v County of Chemung, 39 AD2d 4, affd 32 NY2d 775) and satisfied upon the county's payment of $376,336.61 to plaintiff's grantor as compensation for a servitude upon the premises (see, Rajchandra Corp. v Tom Sawyer Motor Inns, 106 AD2d 798, appeal dismissed 65 NY2d 784, 925, 975).

In August 1981, plaintiff filed a notice of claim with defendants, asserting that the servitude was a title defect. During August and September 1981, plaintiff notified defendants of its desire for prompt action, because mortgage payments were coming due, and expressed the intent of its principals to "commence those actions and claims which [were] appropriate in [their] judgment". In response, defendants cautioned against haste in the commencement of any action, suggesting that plaintiff hold back the mortgage payments or make an escrow arrangement, and advised that they could not at that time set forth their final position with respect to liability under the policy since they were continuing their research. Defendants did espouse the legal position, however, that if plaintiff lacked knowledge of the 1972 judgment against the county at the time of the 1979 closing, the premises were not subject to the servitude. Defendants also suggested, as an

alternative theory, that the county was negligent in failing to record the judgment as one affecting real property. Plaintiff expressed its skepticism concerning the merit of both of these legal theories, its attorney opining that a judgment declaring the servitude invalid against plaintiff "could result only in permission to retry a case which previously stretched from 1966 to 1973 seeking either an injunction or damages". Nonetheless, it accepted defendants' recommendation and, in an action that plaintiff had commenced against the county, served an amended complaint seeking a declaration that the servitude was invalid against plaintiff.

By August 24, 1982, the dispute had engendered four separate lawsuits. Plaintiff initiated an action (action No. 1) against its grantor and others seeking rescission and damages, alleging, *inter alia,* fraud and breach of warranty of title. Plaintiff also commenced an action (action No. 2) against the county, seeking damages as a result of the county's alleged negligence in failing to record the inverse condemnation judgment, fraud and nuisance. Because plaintiff had, at some point, ceased making payments, its grantor initiated the third action (action No. 3) against plaintiff to foreclose on a purchase-money mortgage covering the premises. Plaintiff and various other parties moved and cross-moved in Supreme Court (Ellison, J.), *inter alia,* for summary judgment in all three actions. Plaintiff's motions in all three actions were denied. Supreme Court granted the county's cross motion in action No. 2 to the extent of dismissing the negligence and fraud causes of action but concluded that plaintiff would be entitled to pursue its action against the county in nuisance if it was a good-faith purchaser of the property without actual or constructive notice of the encumbrance, a factual issue requiring a trial. The fourth action, instituted by plaintiff against defendants' predecessors, was dismissed by Supreme Court (Crew, III, J.) in June 1984, with leave to recommence, because "there [had] been no final determination adverse to plaintiff's title."

Plaintiff appealed, *inter alia,* the grant of partial summary judgment in favor of the county in action No. 2. The county took no appeal, but this court, nonetheless, modified the order by reversing so much thereof as denied the county's cross motion for summary judgment dismissing the nuisance cause of action, concluding as follows: "And, as for the nuisance cause of action, that is barred by the doctrine of *res judicata* (see *Boomer v Atlantic Cement Co.,* 26 NY2d 219, 228); the 1973 judgment gave the county a servitude over the motel

property which is enforceable against the grantees of Tom Sawyer, the other party to that earlier action, irrespective of the grantee's knowledge or notice of that judgment. In short, the county's servitude is superior to plaintiffs' interest in the conveyed property" *(Rajchandra Corp. v Tom Sawyer Motor Inns,* 106 AD2d 798, 800, *supra).*

Defendants then notified plaintiff that they were exercising their right to pursue an appeal to the Court of Appeals, requested that they be provided with the complete record and sought a substitution of attorneys. Plaintiff, taking the position that a substitution would be inequitable and improper because "an adversity and conflict of interest" existed between itself and defendants, instead filed a motion in the Court of Appeals to permit defendants to appear as appellants-intervenors. Plaintiff's failure to comply with defendants' demand that the motion be withdrawn prompted defendants to submit an affidavit in opposition. The Court of Appeals denied the motion. Plaintiff's appeal of this court's order was never perfected and the appeal was eventually dismissed. Actions No. 1 and 3 were thereafter settled.

The present action, alleging breach of the title insurance policy and seeking $600,000 in damages, was commenced in February 1987. In their answer, defendants asserted 12 affirmative defenses alleging, *inter alia,* that the lien or defect was created, suffered, assumed or agreed to by or with the privity of plaintiff and that plaintiff failed to preserve defendants' rights under the policy. Defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for an order striking six of defendants' affirmative defenses. Supreme Court, in a thorough and well-reasoned decision, denied defendants' motion, partially granted plaintiff's cross motion, dismissing all of defendants' affirmative defenses, except as such defenses related to damages, and ordered that the trial proceed only on the issue of the extent of loss, if any. Defendants now appeal.

Initially, defendants argue that plaintiff is not entitled to recover because it violated schedule B of the policy, which provides that judgments against the insured or any estates, interests, defects, objections, liens or encumbrances created, suffered, assumed or agreed to by or with the privity of the insured are excepted from coverage. Specifically, defendants maintain that, but for plaintiff's appeal of Supreme Court's order granting partial summary judgment in favor of the county in action No. 2, the favorable decision of Supreme Court that the servitude created in favor of the county was

ineffective against plaintiff if the property was purchased without notice would control.

It is settled law that the insurer bears the burden of proving that a claim falls within the exclusions of an insurance policy *(see, Neuwirth v Blue Cross & Blue Shield,* 62 NY2d 718, 719; *Prashker v United States Guar. Co.,* 1 NY2d 584, 592).* Moreover, if an insurer wishes to exclude coverage from its policy obligations, it must do so in clear and unmistakable language *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311).* Any such exclusions are to be accorded a strict and narrow construction and are not to be extended by interpretation or implication *(supra).*

We reject defendants' argument that this court's judgment dismissing the nuisance cause of action against the county was manufactured by plaintiff. First, plaintiff not only did not appeal from that part of Supreme Court's order which upheld its third cause of action, but was precluded from doing so as it was not an aggrieved party *(see,* CPLR 5511; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 476, n 3).* Second, the defect in plaintiff's title arose as a consequence of the inverse condemnation judgment and its validity was affirmed by order of this court. It cannot seriously be argued that plaintiff was not legally bound by those final judicial decisions or that those decisions were based upon anything but an analysis of applicable law. We conclude, therefore, that defendants have failed to prove that the encumbrance was "created, suffered, assumed or agreed to" by plaintiff.

We turn now to the contention that plaintiff's failure to act in good faith pursuant to section 2 of the policy relieved defendants of their obligation to pay. Section 2 (b) and (c) provide as follows:

"(b) This company shall have the right and may, at its own cost, maintain or defend any action or proceeding relating to the title or interest hereby insured * * * which it considers desirable to prevent or reduce loss hereunder.

"(c) In all cases where this policy requires or permits this company to prosecute or defend, the insured shall secure to it the right and opportunity to maintain or defend the action or proceeding, and all appeals from any determination therein, and give it all reasonable aid".

Defendants argue that, under the terms of the policy, plaintiff was required to consent to defendants' designation of counsel to prosecute the appeal to the Court of Appeals. We disagree.

The failure of an insured to cooperate will relieve an

insurer of its obligation to pay *(see, Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, 836). Similarly, however, an insurer cannot insist upon cooperation or adherence to the terms of its policy after it has repudiated liability on the claim *(see, supra; Treptow v Exchange Mut. Ins. Co.,* 106 AD2d 767, 768), by sending a letter denying liability *(see, Sherri v National Sur. Co.,* 243 NY 266, 272-273) or denying liability in an answer to a complaint in an action on the policy *(cf., Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 217-218).

Defendants' actions, commencing with their receipt of the notice of claim, demonstrate that they were content to remain on the sidelines and allow the situation to develop without becoming actively involved. In September 1981, defendants stated that they were unable to set forth their position as to liability, maintaining this posture until August 1982 when they served an answer denying liability in the first action commenced by plaintiff. Defendants were aware of plaintiff's position as to the validity of the servitude in 1981, yet they took no direct action until January 1985, when they attempted to assume the prosecution of the appeal some 41 months after the notice of claim was received. In our view, section 2 of the policy did not give defendants the right to assume control of an action nearly 3½ years after it was initiated by its insured and had proceeded to the appellate level. Defendants, by their actions, waived any rights which may have been available and repudiated liability, excusing plaintiff from further performance of the conditions of the policy. We agree with Supreme Court that plaintiff did not breach any obligation under the policy. Accordingly, the order should be affirmed.

Order affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.