■ CHARLOTTE-ANNE B. KING, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [630 NYS2d 397] —Mikoll, J. P. Appeal from an order of the Supreme Court (Mycek, J.), entered August 1, 1994 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff allegedly sustained personal injuries on May 11, 1988 as the result of an automobile accident. Plaintiff was then insured under an automobile insurance policy issued by defendant and was paid certain no-fault benefits (*see,* Insurance Law §§ 5101-5108) from the date of the accident through August 8, 1988. On the latter date, defendant issued a formal denial of no-fault benefits of plaintiff's entire claim based on her alleged

lack of cooperation because of her failure to appear for a requested physical examination. Plaintiff was thereafter examined and a second denial of her entire claim was issued by defendant on September 26, 1988, this time because "no treatment [was] necessary". However, defendant continued to pay plaintiff no-fault benefits for chiropractic treatment through April 14, 1989.

In June 1990, plaintiff commenced this action to recover for certain medical services rendered to her which defendant refused to pay. Defendant formally denied no-fault benefits covering these bills on October 15, 1990 because the bills were submitted more than 180 days subsequent to when they were incurred. Defendant also claimed that plaintiff's temporomandibular joint dysfunction (hereinafter TMJ), for which the medical services were rendered, was not causally related to the accident. Defendant's answer asserted only denials. Defendant thereafter moved for summary judgment, alleging that plaintiff did not satisfy a condition precedent which required medical bills to be submitted within 180 days after services were rendered and that no causal relationship existed between the accident and plaintiff's TMJ condition. Supreme Court found that questions of fact exist as to whether the TMJ condition was causally related to the accident, but that plaintiff failed to timely submit her medical bills to defendant as required by the policy. Supreme Court consequently granted summary judgment to defendant and dismissed the complaint on the latter ground. Plaintiff appeals.

The order granting defendant summary judgment dismissing the complaint should be reversed. Defendant did not establish that plaintiff's action was barred by her failure to comply with a condition precedent of the policy requiring that she submit her medical bills within 180 days of the rendering of the services (*see, Raymond v Allstate Ins. Co.*, 94 AD2d 301, 304; *see also, Treptow v Exchange Mut. Ins. Co.*, 106 AD2d 767, 768).

Defendant had denied plaintiff's claim for further benefits in its entirety in September 1988, prior to the commencement of this action, when it concluded that treatment for neurological care was not medically indicated. This denial of plaintiff's claim in September 1988 excused plaintiff from further compliance with the conditions precedent in the policy regarding time limitations for submitting medical proofs of loss (*see, Raymond v Allstate Ins. Co., supra*, at 304-305; *Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, 3 AD2d 190, *lv dismissed* 2 NY2d 990; *see also*, 70 NY Jur 2d, Insurance, § 1651, at 688-691).

The insurer "may not after repudiating liability create

grounds for its refusal to pay by demanding compliance with the examination and proof of loss provisions of the policy" (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835, 836). Defendant must "stand or fall upon the defense upon which it based its refusal to pay" (*Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, *supra*, at 194), i.e., because "no treatment [was] necessary". Thus, defendant was not entitled to summary judgment upon the defense that plaintiff failed to timely submit her medical bills.

Regarding defendant's alternative summary judgment theory, Supreme Court properly found that questions of fact exist as to whether plaintiff's TMJ condition is causally related to the accident.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.