■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v HELEN DOMOTOR, Appellant. [697 NYS2d 348] —In a proceeding pursuant to CPLR article 75 to vacate an award of

a master arbitrator dated August 26, 1997, the appeal is from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated January 11, 1999, as, upon reargument, adhered to an order of the same court dated April 7, 1998, which granted the petition and reinstated an arbitration award dated April 1, 1997.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, the order dated April 7, 1998, is vacated, and the master arbitrator's award dated August 26, 1997, is reinstated.

The appellant sustained physical injuries while riding as a passenger in a vehicle insured by the petitioner, State Farm Insurance Company. The petitioner initially provided no-fault medical benefits but, after its medical experts determined that no further treatment was necessary, it notified the appellant that it was denying all no-fault benefits. The appellant nevertheless continued under medical care although she submitted no further claims to the petitioner. Subsequently, the appellant demanded arbitration to resolve the issue of the petitioner's liability.

An insured's failure to provide timely written proof of loss is generally an absolute defense to an action to recover on the policy (*see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201). However, this absolute defense may be waived (*see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., supra; Treptow v Exchange Mut. Ins. Co.,* 106 AD2d 767). An insurance carrier may not insist upon adherence to the terms of its policy after it has repudiated liability on the claim by sending a letter disclaiming coverage (*see, Rajchandra Corp. v Title Guar. Co.,* 163 AD2d 765, 769) for "[o]nce an insurer repudiates liability * * * the [in]sured is excused from any of its obligations under the policy" (*Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717, 718).

In the instant matter, the petitioner unequivocally notified the appellant in December 1989 that it was denying all no-fault benefits based upon the opinion of its medical expert that the appellant no longer required treatment. This disclaimer of coverage excused the appellant from further compliance with conditions precedent (*see,* 11 NYCRR 65.12) regarding time limitations for submitting medical proofs of loss for the treatments she nevertheless continued to undergo. An insurance carrier may not, after repudiating liability, create grounds for its refusal to pay by demanding compliance with proof of loss provisions of the policy. Rather, the insurance carrier "must 'stand or fall upon the defense upon which it based its refusal

to pay' * * * i.e., because 'no treatment [was] necessary' " (*King v State Farm Mut. Auto. Ins. Co.,* 218 AD2d 863, 865, quoting *Beckley v Ostego County Farmers Coop. Fire Ins. Co.,* 3 AD2d 190). Accordingly, inasmuch as the master arbitrator possessed the authority to vacate the initial arbitrator's legally incorrect award denying the appellant's claims for failure to file timely proof of loss (*see, Matter of State Farm Ins. Co. v Spilotros,* 257 AD2d 577; *Vago v Country Wide Ins. Co.,* 145 AD2d 553; *Smith v Chubb & Son,* 139 AD2d 897), the Supreme Court erred in vacating the master arbitrator's award (*see, Central Gen. Hosp. v Liberty Mut. Ins. Co.,* 156 AD2d 414). S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.