■ HAN-KI LEE, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant. [757 NYS2d 796] —In an action, inter alia, to recover unpaid no-fault benefits, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Schmidt, J.), dated September

15, 2002, which, among other things, denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"An insurance carrier may not, after repudiating liability, create grounds for its refusal to pay by demanding compliance with proof of loss provisions of the policy" (*State Farm Ins. Co. v Domotor*, 266 AD2d 219, 220 [1999]; *see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201 [1984]; *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835 [1981]; *Sherri v National Sur. Co.*, 243 NY 266 [1926]; *see also King v State Farm Mut. Auto. Ins. Co.*, 218 AD2d 863, 865 [1995]; *Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, 3 AD2d 190 [1957]).

In the present case, there are issues of fact as to whether the defendant insurance company repudiated liability under its policy, within the meaning of the rule stated above, by issuing a series of claim denial forms prior to any alleged failure by the plaintiff to submit to an examination under oath. Under these circumstances, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint in its entirety, based on the plaintiff's failure to submit to an examination under oath as requested on June 12, 1998 (*see e.g. Ayyub v Smith*, 291 AD2d 864 [2002]; *Rajchandra Corp. v Title Guar. Co.*, 163 AD2d 765 [1990]; *Treptow v Exchange Mut. Ins. Co.*, 106 AD2d 767 [1984]; *Ocean-Clear v Continental Cas. Co.*, 94 AD2d 717 [1983]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.