*687 OPINION OF THE COURT
Peter P. Sweeney, J.
In this action to recover assigned first-party no-fault benefits, the issue presented is whether the testimony of the peer expert called by defendant at trial to establish its defense of lack of medical necessity should have been precluded on the ground that he did not prepare the peer review reports upon which defendant relied in denying the claims. The court holds that since the peer review expert, whose identity had been disclosed to plaintiff prior to trial, was limited to testifying to the facts and opinions contained in the peer review reports defendant relied upon in denying the claims, there was no basis to preclude his testimony.
Facts
Plaintiff SK Medical Services, PC. commenced this action to recover first-party no-fault benefits for medical services provided to three assignors, Mamia Kashia, Zaza Kacharava and Malkhaz Gvaladze. All three assignors were allegedly injured on December 27, 2002, in the same motor vehicle accident. Each assignor appeared at plaintiffs facility on January 21, 2003 for a “neurodiagnostic consultation” by Dr. Larisa Tsaur. On the same day, Dr. Tsaur performed essentially identical electrodiagnostic testing on each assignor. The tests included nerve conduction velocity studies and electromyography studies.
Plaintiff submitted four bills to defendant, one in the amount of $3,673.07 for services provided to Mamia Kashia, another in the same amount for services provided to Zaza Kacharava and two bills totaling $3,976.66 for services provided to Malkhaz Gvaladze. Along with each bill, plaintiff submitted a copy of the neurodiagnostic consultation report of Dr. Tsaur.
Upon receipt of the bills, defendant retained Dr. Joseph C. Cole to do a peer review for each submission. Dr. Cole prepared three peer review reports, one for each assignor, and recommended that defendant pay only for the neurodiagnostic consultations. He concluded that the extensive electrodiagnostic testing of plaintiffs assignors, performed less than a month following the accident, was not medically necessary in light of Dr. Tsaur’s clinical findings.
In accordance with Dr. Cole’s recommendations, defendant paid plaintiff for the neurodiagnostic consultations and denied the remainder of the bills asserting lack of medical necessity as a defense. Each of defendant’s denials included a copy of the peer review report upon which it was based.
*688 The trial of this action took place on March 2, 2006. At the outset of the trial, the parties stipulated that defendant received the NF-3 claim forms (the bills), which included Dr. Tsaur’s neurodiagnostic consultation reports, and that defendant timely denied the claims on the ground of lack of medical necessity based on Dr. Cole’s peer review reports. The NF-3 claim forms, the neurodiagnostic consultation reports and each of defendant’s denials, which included Dr. Cole’s peer review reports, were stipulated into evidence.
At the time of trial, Dr. Cole was not available to testify. To establish its defense of lack of medical necessity, defendant called Peter Gastaldi, D.C. Plaintiff objected and moved to preclude him from testifying. Plaintiff’s counsel maintained that since defendant’s denials of claim were based on Dr. Cole’s peer reviews, defendant was limited to calling Dr. Cole to establish lack of medical necessity. Plaintiff’s counsel further maintained that since defendant never exchanged a copy of Dr. Gastaldi’s peer review report or properly responded to plaintiffs demand for expert disclosure, Dr. Gastaldi should be precluded from testifying.
Plaintiffs demand for expert information required defendant to provide
“(a) the name and address of each and every person [defendant] expect[ed] to call as an expert witness at the time of trial of this action; (b) the subject matter on which each expert is expected to testify; (c) the substance of the facts and opinions on which each expert is to testify; (d) the qualifications of each expert; and (e) a summary of the grounds for each expert’s opinion.”
In response, defendant provided Dr. Gastaldi’s name and address but the only information provided as to the particulars of his expected testimony was that he would “be relied upon at trial to provide testimony as to the findings of a lack of medical necessity as set forth in the denial.”
Defendant’s counsel represented that Dr. Gastaldi never prepared a peer review report and that he would testify to the same facts and opinions as set forth in Dr. Cole’s reports. Defendant therefore maintained that plaintiff had no legitimate argument that it would be prejudiced if Dr. Gastaldi were allowed to testify.
The court reserved decision on the motion and permitted Dr. Gastaldi to testify. The court precluded him, however, from *689 testifying to facts or opinions that were not set forth in Dr. Cole’s reports. The court agreed to strike his testimony if plaintiffs motion were granted.
Discussion
After careful consideration, the court finds that there was no legitimate basis to preclude Dr. Gastaldi from testifying. Each of defendant’s denials of claim, which asserted lack of medical necessity as a defense, was timely issued (Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]), contained the information called for in the prescribed denial of claim form (see 11 NYCRR 65-3.4 [c] [11]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 664 [2d Dept 2004]), and, with the inclusion of the peer review report upon which it was based, “promptly apprise[d] the claimants] with a high degree of specificity of the ground ... on which [it was] predicated” (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; see also, Nyack Hosp., 11 AD3d at 664 [2d Dept 2004]; Keith v Liberty Mut. Fire Ins. Co., 118 AD2d 151, 153 [2d Dept 1986]). Defendant therefore preserved its right to defend the claims at trial on the ground of lack of medical necessity for the reasons stated in Dr. Cole’s peer review reports.
While it is true that an insurer may not, after repudiating liability, assert new grounds for its refusal to pay a claim (Han-Ki Lee v American Tr. Ins. Co., 304 AD2d 713, 714 [2003]; Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 53 NY2d 835, 836 [1981]) and must “stand or fall upon the defense upon which it based its refusal to pay” (Beckley v Otsego County Farmers Coop. Fire Ins. Co., 3 AD2d 190, 194 [1957]; see also, King v State Farm Mut. Auto. Ins. Co., 218 AD2d 863, 865 [1995]), permitting Dr. Gastaldi to testify did not violate these principles since Dr. Gastaldi was not permitted to assert any new ground justifying defendant’s refusal to pay the claims. Contrary to plaintiffs contention, there is no requirement in the no-fault regulations, or under common law, requiring an insurer to exchange a copy of the report of a peer review expert it intends to call at trial. Although 11 NYCRR 65-3.8 (b) (4) requires an insurer upon written demand to provide an applicant, the applicant’s attorney or the applicant’s treating physician with a copy of a peer review report upon which its denial is based, nothing contained in this regulation, nor in any other regulation promulgated under the No-Fault Law, suggests that an insurer is limited to calling the peer expert whose report *690 was exchanged as its expert witness at trial. No plausible argument has been put forth why this court should impose such a limitation. If an insurer wishes to elicit expert testimony at trial to establish the factual basis of a properly asserted defense, it must simply comply with the rules pertaining to expert disclosure.
In this case, contrary to plaintiffs assertion, defendant sufficiently complied with plaintiffs demand for expert disclosure. In its response, defendant identified Dr. Gastaldi as a potential expert and indicated that he would “be relied upon at trial to provide testimony as to the findings of a lack of medical necessity as set forth in the denial[s].” As stated above, each of defendant’s denials included the report of Dr. Cole upon which it was based, and Dr. Gastaldi was limited to testifying to the facts and opinions contained therein. Accordingly, defendant’s expert disclosure sufficiently set forth “the substance of the facts and opinions on which” the expert was expected to testify (CPLR 3101 [d] [1] [i]; see, Barrowman v Niagara Mohawk Power Corp., 252 AD2d 946, 946-947 [1998], lv denied 92 NY2d 817 [1998]) and “demonstrable prejudice or surprise” to the plaintiff had not been shown (Rook v 60 Key Ctr., 239 AD2d 926, 927 [1997]).
For all of the above reasons, plaintiffs motion to preclude is denied.
The court finds Dr. Gastaldi to be a credible witness. His testimony did not go beyond the facts and opinions contained in Dr. Cole’s reports. He gave persuasive testimony that the extensive testing performed on each of plaintiffs assignors on January 21, 2003 was not medically necessary in light of Dr. Tsaur’s clinical findings. The court credits his testimony in all respects. No witnesses were called by the plaintiff to rebut his testimony. The court therefore finds that defendant established by a preponderance of the credible evidence that the testing at issue was not medically necessary.
Accordingly, it is hereby ordered that judgment be entered in favor of the defendant dismissing the complaint.