TERESA R. TODARO, Appellant-Respondent, v GEICO GENERAL INSURANCE COMPANY, Respondent-Appellant. [848 NYS2d 393]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Bradley, J.), entered October 6, 2006 in Ulster County, which, among other things, vacated an inquest and denied defendant's motion to dismiss the complaint.

Plaintiff was injured while driving a vehicle insured by defendant. After initially paying plaintiff no-fault insurance benefits, defendant terminated any additional payments citing plaintiff's failure to appear for independent medical examinations. Plaintiff then commenced this action to recover benefits allegedly owed to her.

Supreme Court granted plaintiff's subsequent motion for summary judgment and directed plaintiff to submit a proposed judgment. Defendant did not object to the judgment, which was then adopted by Supreme Court. Thereafter, defendant successfully moved to vacate the judgment based upon plaintiff's improper service and filing thereof, and Supreme Court granted its request for an inquest on the issue of damages.

At the inquest, defendant moved to dismiss the complaint. Supreme Court denied that motion, without prejudice, but vacated the inquest, determining that it was premature as the issues raised in the motion required further discovery. These cross appeals ensued, with defendant contending that its motion to dismiss should have been granted, and plaintiff arguing that Supreme Court should not have vacated the inquest.

Defendant argues four grounds in support of its motion to dismiss the complaint. First, it contends that plaintiff's purported assignment of her right to receive benefits deprived her of standing to commence this action. As an objection to standing must be made by a preanswer motion to dismiss or asserted as a defense in the answer (*see* CPLR 3211 [e]; *Matter of Prudco Realty Corp. v Palermo*, 60 NY2d 656, 657 [1983]), defendant's motion on this basis is untimely. Next, defendant contends that plaintiff did not timely submit certain claims for no-fault benefits. However, an insurer must " 'stand or fall upon the defense upon which it based its refusal to pay' " and cannot later create new defenses by requiring an insured's compliance with the policy provisions (*King v State Farm Mut. Auto Ins. Co.*, 218 AD2d 863, 865 [1995], quoting *Beckley v Otsego County Farmers Coop. Fire Ins. Co.*, 3 AD2d 190, 194 [1957]; *see Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 198-200 [1997]). Having initially denied plaintiff's

claims based on her failure to attend independent medical examinations, defendant cannot now base a motion to dismiss on this new ground.

As the third ground for dismissal, defendant claims that because plaintiff has not suffered out-of-pocket damages for which it would be obligated to pay, plaintiff has not stated a cause of action. However, no-fault benefits are intended to reimburse persons for, among other things, medical expenses "incurred" as a result of a motor vehicle accident (Insurance Law § 5102 [a]). Plaintiff incurred such expenses at the time that she received treatment for her injuries (*see e.g. Rubin v Empire Mut. Ins. Co.*, 25 NY2d 426 [1969]; *see also* 11 Couch on Insurance 3d § 158:12) and the fact that the bills may have already been paid by other sources, including her private health insurer, does not extinguish defendant's obligation. Finally, while defendant correctly contends that it is not precluded from challenging plaintiff's bills on the basis of noncoverage (*see e.g. Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d at 199-202; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 18-19 [1999]; *King v State Farm Mut. Auto. Ins. Co.*, 218 AD2d at 865), we find that defendant's motion submissions were not sufficient to establish its entitlement to dismissal on this basis.

In light of the foregoing, we conclude that Supreme Court properly denied defendant's motion to dismiss. However, we discern no basis to vacate the inquest and order more discovery on the above issues. Neither party requested additional discovery before Supreme Court or argues for it on appeal and, absent any clear need for further discovery, we conclude that "all proof necessary to determine the appropriate damage award was before the court" (*Domino Media v Kranis*, 215 AD2d 278 [1995]). Accordingly, the matter is remitted to Supreme Court to make a determination of damages (*see id.*).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as vacated the inquest and ordered additional discovery; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.