Stonewall Contr. Corp. v Long Is. Rail Rd. Co. (2020 NY Slip Op 04505)





Stonewall Contr. Corp. v Long Is. Rail Rd. Co.


2020 NY Slip Op 04505


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-05682
 (Index No. 503994/12)

[*1]Stonewall Contracting Corp., respondent, 
v
Long Island Rail Road Company, appellant.


Hoguet Newman Regal & Kenney, LLP, New York, NY (Ira J. Lipton, Helene R. Hechtkopf, and Miriam J. Manber of counsel), for appellant.
Rich, Intelisano & Katz, LLP, New York, NY (Daniel E. Katz and Steven Cramer of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 4, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's fourth affirmative defense and third and fourth counterclaims, and denied the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's fourth affirmative defense, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the defendant's cross motion for summary judgment dismissing the complaint, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2005, the defendant, Long Island Rail Road Company (hereinafter the LIRR), awarded the plaintiff a contract in the amount of $25,784,209, whereby the plaintiff would serve as the general contractor on a construction project located at the Atlantic Terminal in Brooklyn. The contract provided, among other things, that "[a]ll legal action against the [LIRR] arising out of this Contract shall be initiated within 90 days following Construction Completion," and that "[a]ll rights and remedies relating to all claims, disputes, or legal action filed by the Contractor more than 90 days thereafter, shall be waived and any such item shall be deemed settled." "Construction Completion" is referred to in the contract as a milestone that must be achieved within 616 calendar days from the "Notice of Award." However, during the course of the project, the parties entered into a total of 26 contract modifications, which extended the completion date under the contract to May 31, 2011, and increased the amount due to the plaintiff under the contract "to a revised maximum obligation of $29,646,357.61."
On or about June 7, 2011, the plaintiff submitted to the LIRR its final application for payment for the period ending May 31, 2011, which the LIRR approved on or about July 26, 2011. [*2]It is undisputed that, by then, the plaintiff had demobilized from the work site and that "the work was already 100% complete." Thereafter, on May 25, 2012, the plaintiff submitted a "Request for Equitable Adjustment" (hereinafter REA) to the LIRR, seeking an additional payment in the amount of $4,329,619.36, representing the costs that it allegedly incurred due to delays "during the 1095 calendar days" between May 31, 2008, and May 31, 2011. By letter dated July 3, 2012, the LIRR rejected the REA.
In November 2012, approximately one and one-half years after the project was complete, the plaintiff commenced this action against the LIRR, inter alia, to recover damages it allegedly incurred due to construction delays. The LIRR subsequently interposed an answer with affirmative defenses and counterclaims. As relevant here, the fourth affirmative defense alleged that the action was time-barred. The third counterclaim sought to recover liquidated damages, and the fourth counterclaim sought to recover damages for unjust enrichment. The plaintiff moved, inter alia, for summary judgment dismissing the LIRR's fourth affirmative defense and the third and fourth counterclaims, and the LIRR cross-moved for summary judgment dismissing the complaint. The Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the LIRR's cross motion. The LIRR appeals.
The " fundamental, neutral precept of contract interpretation . . . [is] that agreements are construed in accord with the parties' intent,' and [t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 377, quoting Greenfield v Philles Records, 98 NY2d 562, 569; see Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 340). " [W]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole'" (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082, quoting Ellington v EMI Music, Inc., 24 NY3d 239, 244).
Further, " [a]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable'" (Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d 511, 518, quoting John J. Kassner & Co. v City of New York, 46 NY2d 544, 551; see J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d 1076, 1078). " [T]he period of time within which an action must be brought . . . should be fair and reasonable, in view of the circumstances of each particular case. . . . The circumstances, not the time, must be the determining factor'" (Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 519, quoting Continental Leather Co. v Liverpool, Brazil & Riv. Plate Steam Nav. Co., 259 NY 621, 622-623; see D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924, 926). "Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced" (State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d 881, 883 [internal quotation marks omitted]; see John v State Farm Mut. Auto. Ins. Co., 116 AD3d 1010, 1011).
Here, the LIRR demonstrated, prima facie, that the time within which to commence this action had expired inasmuch as the plaintiff failed to commence this action within 90 days after May 31, 2011, when construction was indisputably complete (see Piliaskas v Mountain Val. Indem. Co., 174 AD3d 757, 758; J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d at 1078; Batales v Friedman, 144 AD3d 849, 851; City of Yonkers v 58A JVD Indus., Ltd., 115 AD3d 635, 637-638).
In opposition, the plaintiff contended that the 90-day contractual period of limitations was never triggered since the LIRR failed to issue a "Certificate of Construction Completion" pursuant to section V-3.3 of the contract. Contrary to the plaintiff's contention, neither the language of section V-3.3, nor any other provision in the contract, supports the conclusion that the contractually fixed limitations period begins to run only upon the issuance of a certificate of construction completion by the LIRR (see Sea Crest Constr. Corp. v Amwest Sur. Ins. Co., 263 AD2d 433, 433-434; cf. J.A. Elec., Inc. v City of New York, 119 AD3d 652, 654; Highland Mech. Indus. v Herbert Constr. Co., 216 AD2d 161, 162). "This interpretation is consistent with the plain [*3]meaning of the contract and basic principles of contract construction that an interpretation which renders language in the contract superfluous cannot be supported" (Batales v Friedman, 144 AD3d at 851). The plaintiff's further contention that the shortened limitations period was unenforceable is without merit (see Malik v Advanced Protection Servs., Inc., 123 AD3d 779, 779; Hunt v Raymour & Flanigan, 105 AD3d 1005, 1006). Moreover, there is no support in the record for the Supreme Court's conclusion that the LIRR waived its right to enforce the contractual limitations period (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968; Chan v Counterforce Cent. Alarm Servs. Corp., 73 AD3d 1115, 1116; Halim v State Farm Fire & Cas. Co., 31 AD3d 710, 711; Carle Place Union Free School Dist. v Bat-Jac Constr., Inc., 28 AD3d 596, 598).
Accordingly, the Supreme Court should have granted the LIRR's cross motion for summary judgment dismissing the complaint, and should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the LIRR's fourth affirmative defense, alleging that the action was time-barred.
Nevertheless, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment dismissing the LIRR's third counterclaim, which sought to recover liquidated damages pursuant to section V-5.0 of the contract. It is undisputed that there were "concurrent delays" to the project, and that the LIRR agreed to extend "the contract period of performance . . . to reflect a revised Contract completion date of May 31, 2011." Contrary to the LIRR's contention, the language of section V-5.0, which was entitled "Liquidated Damages for Contractor Delay," does not support the conclusion that such damages were recoverable under these circumstances (see generally Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 826). In addition, we agree with the court's determination to grant that branch of the plaintiff's motion which was for summary judgment dismissing the LIRR's fourth counterclaim, seeking to recover damages for unjust enrichment, given that the relationship between the parties was governed by a valid and enforceable contract (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389; D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d at 926).
The parties' remaining contentions need not be addressed in light of our determination.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court