Der Velde v New York Prop. Underwriting Assn. (2022 NY Slip Op 03272)

Der Velde v New York Prop. Underwriting Assn.

2022 NY Slip Op 03272

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-11557
 (Index No. 700014/19)

[*1]Davied Zvi Van Der Velde, appellant,
v
New York Property Underwriting Association, respondent.

McDonnell Adels & Klestzick, PLLC, Garden City, NY (Michael J. Giordano of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Costantino P. Suriano of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered September 9, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for breach of a homeowner's insurance policy (hereinafter the policy) and for related relief. The complaint alleged that the defendant issued the policy which insured the plaintiff against loss or damage to the covered premises, and that pipes froze and caused damage in the covered premises while the policy was in full force and effect. The complaint alleged that although the plaintiff provided timely notice of the occurrence to the defendant, and otherwise complied with the terms of the policy, the defendant wrongfully refused to pay the claims made by the plaintiff under the policy.
The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In support of its motion, the defendant argued that the action was untimely as it was not commenced within the two-year period of limitations set forth in the policy.
In the order appealed from, entered September 9, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the complaint is barred by the applicable statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Schwartz v Leaf, Salzman, Manganelli, Pfiel & Tendler, LLP, 123 AD3d 901, 901). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually [*2]commenced within the applicable limitations period" (Griffin v Perrotti, 121 AD3d 1041, 1042; see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769).
Article 2 of the CPLR ("Limitations of Time"), provides that "[a]n action . . . must be commenced within the time specified in this article unless . . . a shorter time is prescribed by written agreement" (CPLR 201). "Thus an agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable . . . provided it is in writing" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 551 [internal quotation marks omitted]; see Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d 511, 518; Stonewall Contr. Corp. v Long Is. Rail Rd. Co., 186 AD3d 640, 642).
Here, the defendant demonstrated, prima facie, that the time within which to commence this action had expired inasmuch as the plaintiff failed to commence it within the two-year limitations period set forth in the policy (see Stonewall Contr. Corp. v Long Is. Rail Rd. Co., 186 AD3d at 642; 155th St. & 8th Ave. Realty Corp. v National Cas. Co., 221 AD2d 290). In this context, the Court of Appeals has observed that "there is nothing inherently unreasonable about a two-year period of limitation" (Executive Plaza, LLC v Peerless Ins. Co., 22 NY3d at 518; see Stonewall Contr. Corp. v Long Is. Rail Rd. Co., 186 AD3d at 642; cf. Turner Constr. Co. v Nastasi & Assoc., Inc., 192 AD3d 103, 106; D & S Restoration, Inc. v Wenger Constr. Co., Inc., 160 AD3d 924, 926).
In opposition, the plaintiff contended that the contractual limitations period was unenforceable because the defendant waived its right to demand compliance with that provision when it repudiated liability and refused to pay the plaintiff's claims on other grounds. The plaintiff's contention is without merit.
"Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104). Accordingly, a "waiver requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see City of New York v State of New York, 40 NY2d 659, 669). Such abandonment "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage" (General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 236; see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d at 104). However, waiver "should not be lightly presumed" and must be based on "a clear manifestation of intent" to relinquish a contractual protection (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968; see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d at 104).
Here, the plaintiff contends that the defendant's denial of his original claim under the policy constituted a waiver. It is true that "[an] insurer may not after repudiating liability create grounds for its refusal to pay by demanding compliance with the examination and proof of loss provisions of the policy" (Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 53 NY2d 835, 836; see Sherri v National Sur. Co., 243 NY 266, 272-273; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717, 718). This principle stems from the general rule that "[an] insurance company must . . . stand or fall upon the defense upon which it based its refusal to pay" (Beckley v Otsego County Farmers Coop. Fire Ins. Co., 3 AD2d 190, 194), and "[i]t may not thereafter attempt to create other grounds for refusal to pay by demanding compliance by the insured with other incidental provisions of the policy with which it had not demanded compliance prior to its repudiation of liability" (id. at 194). Accordingly, "[s]uch a repudiation excuses the filing of proofs of loss, the production of books and documents, the submission to examination, and the taking of any other preliminary steps by the insured" (id.; see Matter of State Farm Ins. Co. v Domotor, 266 AD2d 219, 220-221; King v State Farm Mut. Auto. Ins. Co., 218 AD2d 863, 864-865; Rajchandra Corp. v Title Guar. Co., 163 AD2d 765, 768-769).
In contrast with the "preliminary steps" cited above (Beckley v Otsego County Farmers Co-op. Fire Ins. Co., 3 AD2d at 194), the contractual limitations period here does not [*3]furnish a ground for the denial of a claim under the policy. Rather, the contractual limitations period operates as a defense to an action (see CPLR 3211[a][5]), and it thereby limits a party's right to enforce the policy (see John J. Kassner & Co. v City of New York, 46 NY2d at 550).
"Critical to the determination of waiver is whether the act said to constitute a repudiation of liability on the policy is inconsistent with assertion of the defense" (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 217). The defendant's repudiation of liability in this case was in no way inconsistent with its later assertion of the contractual limitations period as a defense to this action (see generally id.; cf. Sherri v National Sur. Co., 243 NY at 272-273; Matter of State Farm Ins. Co. v Domotor, 266 AD2d at 220-221; King v State Farm Mut. Auto. Ins. Co., 218 AD2d at 864-865; Rajchandra Corp. v Title Guar. Co., 163 AD2d at 768-769; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d at 718; Beckley v Otsego County Farmers Coop. Fire Ins. Co., 3 AD2d at 194). Indeed, the plaintiff failed to demonstrate that the defense had accrued or could have been properly asserted at the time of the alleged waiver, and otherwise failed to establish the "voluntary and intentional abandonment of a known right" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d at 184). In short, the "[p]laintiff offers no evidence from which a clear manifestation of intent by defendant to relinquish the protection of the contractual limitations period could be reasonably inferred" (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d at 968; see Ansorge v Belfer, 248 NY 145, 150-151; VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d 614, 616).
Since the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court