Newburgh Commercial Dev. Corp. v Cappelletti (2023 NY Slip Op 02669)

Newburgh Commercial Dev. Corp. v Cappelletti

2023 NY Slip Op 02669

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04756
 (Index No. 8749/19)

[*1]Newburgh Commercial Development Corp., et al., appellants, et al., plaintiff,
v
Vincent Cappelletti, respondent.

Wichler & Gobetz, P.C., Suffern, NY (Kenneth C. Gobetz of counsel), for appellants.
Anthony J. Centone, P.C., White Plains, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., Real Management Corp., NY, Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan, and William Cappelletti appeal from a judgment of the Supreme Court, Orange County (Sandra B. Sciortino, J.), entered May 29, 2020. The judgment, upon an order of the same court dated April 15, 2020, denying the plaintiffs' cross-motion for summary judgment for a declaratory judgment in their favor and granting the defendant's motion for summary judgment on his counterclaims, which were for a declaratory judgment and to recover damages for breach of contract, and dismissing the complaint, is in favor of the defendant and against the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., and Real Management Corp., NY, in the principal sum of $235,000 and, in effect, dismissing the complaint and declaring, inter alia, that certain provisions of a proposed note and mortgage are not enforceable.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof in favor of the defendant and against the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., and Real Management Corp., NY, in the principal sum of $235,000; as so modified, the judgment is affirmed, with costs payable to the appellants, that branch of the defendant's motion which was for summary judgment on his counterclaim to recover damages for breach of contract is denied, the order dated April 15, 2020, is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for severance of the defendant's counterclaim to recover damages for breach of contract and further proceedings on that counterclaim.
In November 2019, the plaintiffs Newburgh Commercial Development Corp., Real Holding Corp., Real Management Corp., NY, Victor Cappelletti, Christine Cappelletti, Caitlyn Ryan and William Cappelletti (hereinafter collectively the appealing plaintiffs), together with the plaintiff Jeanmarie Cappelletti (hereinafter collectively the plaintiffs), commenced this action against the defendant, alleging breach of contract and seeking, inter alia, specific performance of a contract and a declaratory judgment that certain disputed provisions of a proposed note and mortgage are enforceable pursuant to the terms of an agreement entered into by the parties in March 2019 (hereinafter the March 2019 Agreement). The defendant answered and asserted counterclaims seeking a judgment declaring that the disputed provisions of the proposed note and mortgage are not [*2]enforceable, and that the provision from the note and mortgage to be executed pursuant to the March 2019 Agreement and a final stipulation of settlement would not in any way restrict his right to transfer or assign it. The defendant also sought dismissal of the complaint and money damages arising out of the plaintiffs' alleged breach of the March 2019 Agreement. In an order dated April 15, 2020 (hereinafter the April 2020 order), the Supreme Court denied the plaintiffs' cross-motion for summary judgment for a declaratory judgment and granted the defendant's motion for summary judgment on his counterclaims and dismissing the complaint. Thereafter, the court, upon the April 2020 order, entered a judgment in favor of the defendant in the principal sum of $235,000 against the plaintiff businesses Newburgh Commercial Development Corp., Real Holding Corp., and Real Management Corp., NY (hereinafter the plaintiff businesses). The judgment also, in effect, dismissed the complaint and declared, inter alia, that certain clauses in the proposed note and mortgage are not enforceable. The issues raised on the appeal from the April 2020 order (see Newburgh Commercial Dev. Corp. v Cappelletti, ___ AD3d ___ [Appellate Division Docket No. 2020-04188; decided herewith]) are brought up for review on this appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
The appealing plaintiffs' contention that the March 2019 Agreement is unenforceable because it is merely an agreement to agree is raised for the first time on appeal, and it is thus not properly before this Court (see Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586-1587; Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465, 465-466). Moreover, this issue does not fall within the exception to the rule permitting review of pure questions of law which could not have been avoided if raised at the proper juncture (see Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586-1587; Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d at 465-466).
"The fundamental, neutral precept of contract interpretation . . . [is] that agreements are construed in accord with the parties' intent, and [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Stonewall Contr. Corp. v Long Is. Rail Rd. Co., 186 AD3d 640, 641 [internal quotation marks omitted]). "[W]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (id. at 642 [internal quotation marks omitted]; see Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082).
Contrary to the contention of the appealing plaintiffs, the record supports the Supreme Court's determination that the primary purpose of the March 2019 Agreement was to effect a "business divorce" among the parties and the family-owned businesses, and that the control and funding of the Cappelletti Family Trust as set forth in paragraph 7(g) of the March 2019 Agreement is entirely the responsibility of the appealing plaintiffs. As the court determined, the plain meaning of the term in paragraph 7(g) of the March 2019 Agreement—"any family owned property, or Mortgage"—is that it refers to any property or mortgage held by the appealing plaintiffs after the conclusion of the "business divorce."
Nonetheless, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment on his counterclaim to recover damages for breach of contract. The March 2019 Agreement provided that all payments to the defendant pursuant to its terms were "deferred until the parties have a closing on all the properties that are subject to this agreement." Since no closing yet had occurred with respect to the properties which were the subject of the March 2019 Agreement, the appealing plaintiffs' obligation to make the agreed-upon payments to the defendant had not yet arisen (see Harmony Rockaway, LLC v Gelwan, 200 AD3d 863, 865; Preferred Mtge. Brokers v Byfield, 282 AD2d 589, 590).
The remaining contentions of the appealing plaintiffs are without merit.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court